UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PACIFIC ECO SOLUTIONS, INC., a Washington corporation,<br><br>        Plaintiff,<br><br>        v.<br><br>ECOLOGY SERVICES, INC., a foreign corporation,<br><br>        Defendant. | No. CV-06-5013-FVS<br><br>ORDER DENYING MOTION TO DISMISS |

    **THIS MATTER** came before the court on the Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), brought by Defendant, Ecology Services, Inc. ("ESI"). The Plaintiff is represented by Diehl R. Rettig. The Defendant is represented by Richard D. Campbell.

**BACKGROUND**

    On July 1, 1998, ATG, a corporation that disposes of hazardous/radioactive waste, contracted with ESI for the processing and disposal of certain hazardous waste. (Compl. at 2.) Pursuant to the contract, ESI provided waste to ATG, and ATG invoiced ESI for an amount of $1,171,190.12 for services through January 15, 2002. The amount of $589,257.51 remains unpaid and is the subject of this case.

    On or about December 3, 2001, ATG filed for bankruptcy and Robert I. Hanfling was appointed as Trustee for ATG by the bankruptcy court for the Northern District of California, Oakland Division. (Compl. at

ORDER DENYING MOTION TO DISMISS - 1

2.) Hanfling ("the Trustee") brought suit to recover the outstanding amount due on the ESI contract. However, the court issued an order of dismissal on summary judgment because the Trustee did not have standing to bring the claim. *Id.* Standing was improper because the waste had been sold by the Trustee to Pacific Eco Solutions ("Pecos"). Therefore neither ATG nor the Trustee owned the radioactive materials that were the subject of the contract being sued upon. *Id.* at 3.

Following the dismissal for lack of standing the Trustee sold the contract between ATG and ESI to Pecos, giving Pecos possession of both the waste and the contract. *Id.* On January 16, 2006, Pecos demanded payment from ESI for the outstanding balance, including interest, for a total demand of $1,297,127.49. ESI refused to pay the demanded sum. On February 9th, 2006, Pecos filed a complaint in federal district court for judgment on the outstanding balance of the contract. ESI brings this motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure Rule 12(b)(6) claiming that Pecos is barred from bringing suit based upon res judicata principles.

**DISCUSSION**

I.  **LEGAL STANDARD**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court may dismiss a complaint which fails to state a claim upon which relief can be granted. However, a complaint should not be dismissed under Rule 12(b)(6) unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957). All factual allegations set forth in the

complaint are taken as true and construed in the light most favorable to the plaintiff. *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996).

**II.  RES JUDICATA**

The 9th Circuit has explained that res judicata bars "all grounds of recovery which could have been asserted, whether they were or not, in a prior suit between the same parties (or their privies) on the same cause of action, if the prior suit concluded in a judgment on the merits rendered by a court of competent jurisdiction." *Ross v. International Brotherhood of Electrical Workers*, 634 F.2d 453, 457 (9th Cir. 1980).  Therefore, before a judgment can be given preclusive effect in subsequent litigation, three prerequisites must be present; the judgment must be (1) valid; (2) final; and (3) on the merits. *American Colloid Co. v. Hodel*, 701 F. Supp. 1537, 1541 (D. Wyo. 1988) (citing 18 C. Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 4427 (1981)).  Res judicata carries the "dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 327, 99 S.Ct. 645, 649, 58 L.Ed.2d. 552, 560 (1979)(citing *Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 328-29, 91 S.Ct. 1434, 1442-43, 28 L.Ed.2d 788, 799-800 (1971)).

Res judicata does not bar the present case because a prior dismissal on a jurisdictional matter such as standing is not considered to be on the merits.  ESI contends that the prior

proceeding in this case was on the merits because summary judgment is by law considered a final adjudication on the merits. *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998). While this is the general rule, when summary judgment is based upon a jurisdictional matter such as standing, it does not reach the merits and will not typically be given preclusive effect. *Media Techs. Licensing Co. v. The Upper Deck*, 334 F.3d 1366, 1370 (Fed. Cir. 2003); *see also Bird v. Lewis & Clark Coll.*, 303 F.3d 1015, 1019 (9th Cir. 2002)(recognizing that before reaching the merits of the case, the court must determine the threshold issue of standing); 5B Wright & Miller, *supra*, § 1350 at 207-208 (3d Ed. 2004)(explaining that jurisdictional dismissals are not decided on the merits and have no res judicata effect).

As in *Media Techs.,* the prior proceeding in this case was a federal court case that was dismissed for lack of standing. In *Media Techs.* the plaintiff remedied the standing defect and the case was allowed to proceed. *Media Techs.*, 334 F.3d at 370-71. Likewise, in this case, the plaintiff remedied the standing defect by assigning the contract to Pecos who was in possession of the waste. With standing remedied, Pecos properly brought suit and the case should be allowed to proceed.

Furthermore, because the standing defect was amenable to remedy by the plaintiff and indeed was remedied by assigning the contract to Pecos, the judgment is not on the merits and the plaintiff is not precluded from bringing its claim. ESI argues that *Angel v. Bullington,* 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832 (1947), is controlling. However, *Angel* is distinguishable from the present case.

ORDER DENYING MOTION TO DISMISS - 4

In *Angel,* the court precluded a second suit that involved matters that had previously been dismissed on a jurisdictional ground. *Id*. at 192-93. The jurisdictional defect was not standing in that case but was a North Carolina law limiting the jurisdiction of the state court over the case. The plaintiff was in no position to remedy the jurisdictional issue and therefore appeal was the only remedy available to the plaintiff. The plaintiff failed to pursue that sole remedy. In this case, appeal was not the only remedy. As in *Media Techs.,* the plaintiff needed only to take a few steps to remedy the standing defect to allow the suit to be brought. The Trustee took those steps and the case should be allowed to proceed.

Finally, the policy behind res judicata would not be served by precluding Pecos' claim. The merit of Pecos' claim has never been addressed so there would be no relitigation of identical issues or needless litigation. Moreover, it is not a waste of judicial resources to allow Pecos' claim to be tried in this proceeding as this claim has never been adjudicated on the merits.

**III. JUDICIAL ADMISSION MADE BY THE TRUSTEE**

Federal law states that "[j]udicial admissions are formal admissions in the pleadings which have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact." *American Title Ins. v. Lacelaw Corp.,* 861 F.2d 224, 226-227 (9th Cir. 1988)(quoting *In re Fordson Engineering Corp.,* 25 B.R. 506, 509 (Bankr. E.D. Mich. 1982)).

ESI argues that Pecos is bound by the Trustee's statement in his complaint that ESI "prepaid ATG to process the ESI waste." However,

the Trustee's statement is vague and therefore must be construed in favor of Pecos.  The Trustee never alleged that *all* of ESI's waste processing charges were prepaid.  The Trustee brought suit to recover the amount on the processing contract that was *not* prepaid.  Clearly the scope of prepayment sought was not intended to include all of the contracted amount.  This Court assumes, for the purposes of the motion to dismiss, that the Trustee was referring to the fact that only part of the contract was prepaid, leaving Pecos' claim for the remainder intact.

**IT IS HEREBY ORDERED** that the Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6), **Ct. Rec. 3**, is **DENIED**.

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this   29th   day of March, 2007.

                              s/ Fred Van Sickle
                                Fred Van Sickle
                      United States District Judge