UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PERMA-FIX NORTHWEST RICHLAND, INC., a Washington Corporation, | No. CV-06-5013-FVS |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGEMENT |
| v. | |
| ECOLOGY SERVICES, INC., a foreign corporation, | |
| Defendant. | |

**THIS MATTER** came before the Court for a hearing, without oral argument, on Plaintiff's January 14, 2008 motion for summary judgment. (Ct. Rec. 43). Defendant's request for oral argument on Plaintiff's motion for summary judgment is denied pursuant to this Court's authority under Local Rule 7.1(h)(3). Plaintiff is represented by Diehl R. Rettig, and Defendant is represented by Richard D. Campbell, Steven K. Fedder, and Andrew L. Cole.

**BACKGROUND**

On July 1, 1998, ATG Richland Corporation ("ATG") entered into a contract with Ecology Services, Inc. ("ESI"). (Ct. Rec. 1 ¶ III).

ORDER . . . - 1

Pursuant to the contract, ATG processed and disposed of waste for ESI, and ATG invoiced ESI for the amount of $1,171,190.12. Plaintiff alleges that ESI still owes $499,894.41 under the contract.[1]

On December 3, 2001, ATG filed for bankruptcy. On February 6, 2006, the trustee assigned the contract to Pacific EcoSolutions, Inc. ("Plaintiff")[2]. On February 9, 2006, Plaintiff filed a complaint in the United States District Court for the Eastern District of Washington against ESI to recover the alleged outstanding balance of the contract. (Ct. Rec. 1).

During discovery it was revealed that Plaintiff entered into a contract with National Institutes of Health ("NIH") on October 2, 2006. Pursuant to this agreement, NIH agreed to pay Plaintiff $286,656.27 to process and dispose of "legacy waste." Based on the discovery of this contract, the Court granted ESI's request to file a counterclaim alleging that it is entitled to a return of all monies for which Plaintiff received duplicate payments from NIH. (Ct. Rec. 137).

---

[1] Plaintiff initially alleged in its complaint and motion for summary judgment that Plaintiff was entitled to an award of $589,257.51, plus interest. (Ct. Rec. 1 ¶ VI; Ct. Rec. 43). However, Plaintiff's reply brief agrees that ESI's credit memo in the amount of $89,363.10 (Ct. Rec. 68, Ex. 2) was not accounted for in its initial calculation. (Ct. Rec. 110 at 2). Plaintiff concedes that the net principal balance due is $499,894.41, not $589,257.51 as originally alleged, based on the credit memo presented by ESI in its response. (Ct. Rec. 110).

[2] On July 13, 2007, Pacific EcoSolutions, Inc., changed its name to Perma-Fix Northwest Richland, Inc. (Ct. Rec. 41). For purposes of this order, all references to Plaintiff shall refer to both Pacific EcoSolutions, Inc., and Perma-Fix Northwest Richland, Inc., as the entity is one in the same.

ORDER . . . - 2

**DISCUSSION**

**I.  PRELIMINARY MATTERS**

    **A.  Caption**

On January 14, 2008, Plaintiff moved the Court for an order amending the case caption to change the name of Plaintiff from Pacific EcoSolution, Inc. to Perma-Fix Northwest Richland, Inc. (Ct. Rec. 39).[3]  Plaintiff indicated that since the commencement of this action, Plaintiff had undergone a name change and is now Perma-Fix Northwest Richland, Inc. (Ct. Rec. 40).  "An action must be prosecuted in the name of the real party in interest."  Fed. R. Civ. P. 17(a)(1).  Other than the change of name, Plaintiff remains the real party in interest.  The caption shall be amended to reflect the properly named Plaintiff in this action, Perma-Fix Northwest Richland, Inc.

    **B.  Motion to Strike Affidavit**

On February 24, 2008, Defendant moved to strike the affidavit of Diehl R. Rettig in support of Plaintiff's motion for summary judgment. (Ct. Rec. 54).  Defendant argued that Mr. Rettig lacked personal knowledge of the documents propounded as exhibits to the affidavit and the documents were otherwise inadmissible pursuant to Fed. R. Evid. 801.  (Ct. Rec. 56).  Nevertheless, Plaintiff's response to Defendant's motion to strike provided declarations of the maker or

---

[3] No response from ESI has been received by the Court with respect to Plaintiff's motion to amend the caption.  Local Rule 7.1(h)(5) holds that "[a] failure to timely file a memorandum of points and authorities in support of or in opposition to any motion may be considered by the Court as consent on the part of the party failing to file such memorandum to the entry of an Order adverse to the party in default."

ORDER . . . - 3

recipient of each exhibit attached to the affidavit in question. (Ct. Rec. 71-76). The Court finds that any error has been cured by the supplemental declarations provided by Plaintiff. Defendant's motion to strike is denied.

**II.   SUMMARY JUDGMENT**

    **A.   Legal Standard**

Summary judgment is appropriate only if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A material fact is one "that might affect the outcome of the suit under the governing law[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A fact may be considered disputed if the evidence is such that the fact-finder could find that the fact either existed or did not exist. *See id.* at 249, 106 S.Ct. at 2511 ("all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury . . . to resolve the parties' differing versions of the truth" (quoting *First National Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 288-89, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569 (1968))).

Here, the facts upon which the Court relies are either undisputed or established by evidence that permits but one conclusion concerning the fact's existence.

    **B.   Breach of Contract - Nonpayment**

Pursuant to the July 1, 1998 Radioactive Waste Treatment, Transportation, And Disposal Agreement For Exclusive Brokerage of Wastes to ATG Richland Corporation (ATGRC) by Ecology Services, Inc.

("contract"), ATG agreed to process and dispose hazardous/radioactive waste provided by ESI, and ESI agreed to make payments to ATG for the waste disposal service. (Ct. Rec. 46, Ex. 1). Plaintiff alleges that ESI breached the contract by failing to make payments in the total amount of $499,894.41. Since Plaintiff has demonstrated that the contract sued upon was executed by ESI, and its complaint alleged there is an amount due and owing on the contract, Plaintiff has established a prima facie case.

To establish a claim for breach of contract based upon nonpayment, as alleged in the complaint, Plaintiff must merely plead nonpayment. *West Coast Credit Corp. v. Pedersen,* 64 Wash.2d 33, 34-36, 390 P.2d 551 (1964). The general rule is that the burden rests on the defendant to prove payment, rather than on the plaintiff to prove nonpayment. The person who pleads payment has the burden of proving it; thus, in the absence of contrary evidence, it is presumed that payment was not made. *See*, *Pedersen*, 64 Wash.2d at 35. ("[S]ince it is extremely difficult if not impossible to prove nonpayment, a negative, and relatively easy for the defendant to prove that he has paid, the burden of proof should rest upon him"). "[T]he burden rests upon the defendant to prove payment." *Pedersen,* 64 Wash.2d 33 at 35-36 (citing *Hughes v. Wachter*, 61 N.D. 513, 238 N.W. 776 (1931)). Accordingly, Plaintiff is not required to prove that there was anything due and owing on the contract. Rather, ESI must show by a preponderance of the evidence that payment, as promised, was provided for the work ATG performed pursuant to the contract.

///

ORDER . . . - 5

### C. Analysis

It is apparent that a material issue of fact exists as to the amount due and owing and/or previously paid. Therefore, summary judgment is not appropriate at this time.

ESI claims that it paid the invoices Plaintiff asserts are outstanding. Although it appears, at this juncture, that ESI has failed to demonstrate a total payment of the amount Plaintiff asserts is owed, the total amount owed is not certain based on the present state of the record. The issue of the amount owed on the contract is a disputed issue of fact.

Plaintiff presents evidence in the form of the Garcia Summary (Ct. Rec. 46, Ex. 2) which failed to account for the $89,363.10 credit memo (*see* n. 1, supra). ESI presents its internal "Cash Disbursements Report" (Ct. Rec. 68, Ex. 1) which, although disputed by Plaintiff, apparently reflects payments which are not set forth in either the Garcia Summary or the ATG Accounting Statement. (Ct. Rec. 81 ¶¶ 39-42). ESI additionally provided three cashed checks totaling $300,000.00. (Ct. Rec. 82, Ex. 3). Again, Plaintiff contests that these checks change the amount allegedly due and owing.

As indicated in footnote one, above, Plaintiff agrees that its initial calculation erroneously omitted ESI's credit memo in the amount of $89,363.10. (Ct. Rec. 110). It is difficult to discern from the current record what else, if anything, may have been omitted from Plaintiff's calculation. More information is needed for a proper determination to be made. Plaintiff's request for summary judgment in the amount of $499,894.41, plus interest, is therefore denied.

ORDER . . . - 6

Based on the foregoing, **IT IS HEREBY ORDERED**:

1. Plaintiff's motion for summary judgment (**Ct. Rec. 43**) is **DENIED**.

2. Defendant's request for oral argument on Plaintiff's motion for summary judgment is **DENIED** pursuant to this Court's authority under Local Rule 7.1(h)(3).

3. Plaintiff's motion to amend the caption (**Ct. Rec. 39**) is **GRANTED**.

4. The District Court Executive shall **AMEND** the caption in this case to change the name of Plaintiff from Pacific EcoSolutions, Inc., to Perma-Fix Northwest Richland, Inc. All future filings in this case shall reflect the appropriate name of Plaintiff, Perma-Fix Northwest Richland, Inc.

5. Defendant's motion to strike the affidavit of Diehl R. Rettig in support of Plaintiff's motion for summary judgment (**Ct. Rec. 54**) is **DENIED**.

6. Defendant's motion to shorten time for hearing on Defendant's motion to Strike (**Ct. Rec. 57**) is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this ___28th___ day of August, 2008.

                               S/Fred Van Sickle
                                 Fred Van Sickle
                      Senior United States District Judge