UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PERMA-FIX NORTHWEST RICHLAND, INC., a Washington Corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>ECOLOGY SERVICES, INC., a foreign corporation,<br><br>    Defendant. | No. CV-06-5013-FVS<br><br>ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

    Before the Court is Defendant's motion for summary judgment. (Ct. Rec. 205). Plaintiff is represented by Diehl R. Rettig and Gregory C. Bowers. Defendant is represented by Richard D. Campbell, Steven K. Fedder, and Andrew L. Cole.

**BACKGROUND**

    On July 1, 1998, ATG Richland Corporation ("ATG") entered into a contract with Defendant Ecology Services, Inc. ("ESI"). (Ct. Rec. 1 ¶ III). Pursuant to this contract, ATG processed and disposed of waste for ESI, and ATG invoiced ESI for the amount of $1,171,190.12. In the instant action, Plaintiff alleges that ESI still owes $499,894.41[1] under the ATG/ESI contract.

---

[1] Plaintiff initially alleged in its complaint and earlier motion for summary judgment that Plaintiff was entitled to an award of $589,257.51, plus interest. (Ct. Rec. 1 ¶ VI; Ct. Rec. 43). However, Plaintiff's later briefing agreed that ESI's credit memo in the amount of $89,363.10 (Ct. Rec. 68, Ex. 2) was valid. (Ct. Rec. 110 at 2). Plaintiff thus conceded that, based on ESI's credit memo, the net principal balance due is $499,894.41, not $589,257.51 as originally alleged. (Ct. Rec. 110).

ORDER . . . - 1

On December 3, 2001, ATG filed for bankruptcy.  On August 5, 2003, the bankruptcy court approved the sale of ATG's Richland facility, license, and brokered waste to Pacific EcoSolutions, Inc.[2] ("Plaintiff").

On March 8, 2004, the bankruptcy trustee filed an adversary proceeding in the bankruptcy court against ESI.  The trustee asserted rights under the ATG/ESI contract to attempt to force ESI to remove ESI's brokered waste from the Richland facility purchased by Plaintiff.  On April 27, 2004, ATG's Chapter 11 bankruptcy was converted to a Chapter 7 bankruptcy.  On April 28, 2005, ESI filed a motion for summary judgment in its adversary proceeding against the trustee in the bankruptcy proceeding.  ESI argued the trustee lacked standing to enforce the ATG/ESI contract because the trustee had no further obligations to perform with respect to the waste.  ESI asserted that since the Richland facility, license, and waste had been transferred to Plaintiff, the trustee no longer had possession of or interest in the waste.  On June 13, 2005, the bankruptcy court agreed with ESI and determined that the trustee lacked standing. Accordingly, the bankruptcy court granted ESI's motion for summary judgment.

The trustee thereafter executed an assignment of contract transferring to Plaintiff all rights, title, and interest held by ATG

---

[2] On July 13, 2007, Pacific EcoSolutions, Inc., changed its name to Perma-Fix Northwest Richland, Inc. (Ct. Rec. 41).  For purposes of this order, all references to Plaintiff shall refer to both Pacific EcoSolutions, Inc., and Perma-Fix Northwest Richland, Inc., as the entity is one in the same.

ORDER . . . - 2

in the ATG/ESI contract.  On February 13, 2006, Plaintiff filed a complaint in this Court against ESI to recover the alleged outstanding balance of the contract.  (Ct. Rec. 1).

**DISCUSSION**

**I.   LEGAL STANDARD**

Summary judgment is appropriate only if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  A material fact is one "that might affect the outcome of the suit under the governing law[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).  A fact may be considered disputed if the evidence is such that the fact-finder could find that the fact either existed or did not exist.  *See id.* at 249, 106 S.Ct. at 2511 ("all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury . . . to resolve the parties' differing versions of the truth" (quoting *First National Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 288-89, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569 (1968))).

**II.  ANALYSIS**

Defendant contends that Plaintiff has no rights under the ATG/ESI contract because it was expressly rejected by the trustee pursuant to the terms of the Notice of Motion and Sale Approval Order.  Defendant further alleges that even if the trustee did not expressly reject the ATG/ESI contract, the contract was deemed rejected when the trustee did not accept it within 60 days of the bankruptcy court's order converting the bankruptcy to Chapter 7.  Defendant asserts that in

ORDER . . . - 3

either case, ATG had no contract rights to convey to Plaintiff; therefore, summary judgment should be entered in favor of Defendant. (Ct. Rec. 195-3).  Under both theories, Defendant cites to Section 365 of the United States Bankruptcy Code. (Ct. Rec. 195-3).  Section 365 addresses executory contracts and unexpired leases.  11 U.S.C. § 365.

Plaintiff responds that no evidence has been presented which demonstrates the ATG/ESI contract was expressly rejected, and, in any event, 11 U.S.C. § 365 is inapplicable in this case because the ATG/ESI contract was not an "executory contract."  (Ct. Rec. 198).

**A.   EXECUTORY CONTRACT**

Whether the ATG/ESI contract was an "executory contract" is an issue central to Defendant's motion for summary judgment.  If the ATG/ESI contract was not an executory contract, 11 U.S.C. § 365 is not applicable and Defendant's motion is without merit.

The term "executory contract" is not defined in the Bankruptcy Code.  However, the legislative history of Section 365 provides that contracts are executory if "performance remains due to some extent on both sides."  Notes of Committee on the Judiciary, Senate Report No. 95-989, U.S. Code Cong. & Admin. News 1978, pp. 5787, 5844; *see also NLRB v. Bildisco & Bildisco,* 465 U.S. 513, 522 n. 6, 104 S.Ct. 1188, 1194 n. 6, 79 L.Ed.2d 482 (1984).  This definition is similar to the often cited "Countryman definition" of executory contract:

> [A] contract under which the obligation of both the bankrupt and the other party to the contract are so far unperformed that the failure of either to complete the performance would constitute a material breach excusing the performance of the other.

Countryman, "Executory Contracts in Bankruptcy: Part I," 57

ORDER . . . - 4

Minn.L.Rev. 439, 460 (1973); *see In re Sigel & Co., Ltd.*, 923 F.2d 142 (9th Cir. 1991); *In re Wegner*, 839 F.2d 533 (9th Cir. 1988); *In re Pacific Exp., Inc.,* 780 F.2d 1482, 1487 (9th Cir. 1986). Under the "Countryman definition" a contract is executory only if substantial performance remains due on both sides.

If the contract is an option contract, where one party's performance is conditioned upon the other party exercising the option, the Ninth Circuit has held that the Court must look to outstanding obligations at the time the petition for relief is filed and ask whether both sides must still perform. *In re Robert L. Helms Constr. & Dev. Co.*, 139 F.3d 702, 706 (9th Cir. 1998). "Performance due only if the optionee chooses at his discretion to exercise the option doesn't count unless he has chosen to exercise it. . . . The question thus becomes: At the time of filing, does each party have something it must do to avoid materially breaching the contract? Typically, the answer is no; the optionee commits no breach by doing nothing." *Id*.

Here, viewing the facts presented in a light most favorable to the nonmoving party and considering the above definitions, the ATG/ESI contract was not executory. The ATG/ESI contract conditioned ATG's duty to process and dispose waste on ESI paying ATG for the service. The contract required ESI to pay ATG 30 days from the date of ATG's invoices, permitted ATG to demand cash-on-delivery or to suspend performance until paid in full, and gave ATG 90 days to process the waste and additional time for disposal. On the date ATG filed bankruptcy, December 3, 2001, ESI allegedly owed ATG $589,257.51, plus interest, under the ATG/ESI contract. Because ATG's obligations were

conditioned solely on ESI paying and it is undisputed that ESI had not paid some of the invoices, ATG had no obligations under the ATG/ESI contract. Since ESI had failed to pay ATG, ATG would not have materially breached the contract by failing to process the waste. Based on these facts, the Court finds that the ATG/ESI contract was not an executory contract within the meaning of Section 365 of the Bankruptcy Code on the date the bankruptcy was filed. Consequently, 11 U.S.C. § 365 is inapplicable in this case.

**B.    EXPRESS REJECTION OF ATG/ESI CONTRACT**

Defendant argues that because the ATG/ESI contract was expressly rejected by the trustee, the December 22, 2005, assignment of the ATG/ESI contract to Plaintiff was a nullity. (Ct. Rec. 195-3 at 5-7). Defendant specifically asserts that, on August 5, 2003, a court order authorizing and approving the sale of ATG's Richland assets to Plaintiff "authorized the Trustee to reject certain ATG executory contracts." (Ct. Rec. 195-4 ¶ 9). Defendant claims that the trustee "expressly rejected" the ATG/ESI contract because it was included within the group of "remaining executory contracts and leases related to the Purchased Assets." Defendant asserts that ATG's rejection of the ATG/ESI contract took effect on September 13, 2003, the date and time of closing the sale of the purchased assets with Plaintiff. (Ct. Rec. 195-3 at 6).

Viewing the facts presented in a light most favorable to the nonmoving party, Defendant's argument fails for two reasons. First, as discussed above, the ATG/ESI contract was not an executory contract. Second, as asserted by Plaintiff, at most, the court order

at issue "authorized" the trustee to reject contracts; however, there is no court order, filing by the trustee, letter from the trustee, letter from a representative of ATG, or other evidence demonstrating an actual rejection of the ATG/ESI contract. (Ct. Rec. 198 at 5-6). Defendant has simply not shown that the trustee exercised his alleged authority to reject the ATG/ESI contract.

### C.   FAILURE TO ASSUME CONTRACT

Defendant next asserts that even if the ATG/ESI contract was not expressly rejected, ATG rejected the contract by failing to assume it within the time proscribed by 11 U.S.C. § 365(d)(1). (Ct. Rec. 195-3 at 7-8). Defendant contends that ATG is deemed to have rejected the ATG/ESI contract on June 26, 2004, because the trustee failed to expressly assume it within 60 days of the conversion order entered on April 27, 2004. *Id*. Defendant thus argues that the contract was rejected by operation of law.

Section 365(d)(1) of the Bankruptcy Code provides that "[i]n a case under chapter 7 of this title, if the trustee does not assume or reject an **executory contract** . . . within 60 days after the order for relief . . . then such contract . . . is deemed rejected." 11 U.S.C. § 365(d)(1) (emphasis added).

As discussed above, viewing the facts presented in a light most favorable to the nonmoving party, the ATG/ESI contract was not executory and, therefore, Section 365 of the Bankruptcy Code is not applicable. Accordingly, Defendant's argument in this regard fails.

///

///

ORDER . . . - 7

Based on the foregoing, **IT IS HEREBY ORDERED** as follows:

1. Defendant's motion for summary judgment (**Ct. Rec. 205**) is **DENIED**.

2. This matter shall proceed to trial on the merits. At trial, the burden rests upon Defendant to show by a preponderance of the evidence that payment, as promised, was provided for the work ultimately performed pursuant to the contract. *West Coast Credit Corp. v. Pedersen*, 64 Wash.2d 33, 34-36, 390 P.2d 551 (1964); (Ct. Rec. 143).

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this ___12th___ day of June, 2009.

                    <u>S/Fred Van Sickle</u>
                    Fred Van Sickle
          Senior United States District Judge